**UNITED STATES of America,**
**Plaintiff,**

**v.**

**PROFESSIONAL AIR TRAFFIC CONTROLLERS ORGANIZATION, a corporation, its officers, agents, servants and members, Robert E. Meyer, individually and in his official capacity as National Vice President of Professional Air Traffic Controllers Organization; David E. Loibl, individually and in his official capacity as Chairman of North Central Council of Professional Air Traffic Controllers Organization; Everett McDonald, individually and in his official capacity as Secretary of North Central Council of Professional Air Traffic Controllers Organization, Defendants.**

**No. 3–70 Civ. 76.**

United States District Court,
D. Minnesota,
Third Division.

April 14, 1970.

Robert G. Renner, U. S. Atty., and Stephen Palmer, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Ronald I. Meshbesher and Gerald M. Singer, Minneapolis, Minn., for defendants.

### FINDINGS AND ORDER OF CONTEMPT

DEVITT, Chief Judge.

It appearing to the Court that on March 31, 1970 plaintiff herein filed its complaint in this Court praying for a Temporary Restraining Order and that on said March 31, 1970 this Court duly entered of record in said proceedings a Temporary Restraining Order by which

the defendants herein were restrained and enjoined from continuing, encouraging, ordering, aiding or engaging in any work stoppage or slowdown or interfering in any way with or obstructing the movement or operation of any aircraft at any traffic facility operated by the Federal Aviation Administration; and it further appearing that thereafter on April 9, 1970 the plaintiff herein filed its petition for an order to show cause why the individual defendants and certain named members of the corporate defendant acting in concert with said individual defendants should not be cited for contempt for violation of the Temporary Restraining Order entered herein; and it further appearing that this Court did, on April 9, 1970, make and file its order for the individual defendants and other named persons to appear before this Court on April 14, 1970 to show cause why they should not be held in contempt for violation of the Temporary Restraining Order issued herein as aforesaid; and the matter having come on for hearing on April 14, 1970 and the Court having given full consideration to the affidavits filed herein and having heard the arguments of counsel for the respective parties finds that:

1. It has jurisdiction of the matter and proper service of process has been had.

2. The named defendants and others acting in concert with them have engaged in a massive organized work stoppage as Federal Aviation Air Controllers in this District since March 25, 1970 and that such stoppage of work continues.

3. The work stoppage by these Air Controllers has significantly impaired the operations of the United States Government, its Military Department, its Federal Aviation Administration and other agencies to the detriment of the citizens of the United States and to the extensive financial loss of the plaintiff.

4. The abnormal absenteeism of Air Controllers from their assigned work stations in this District caused by the defendants and others acting in concert with them is, in fact, a strike against the United States Government.

5. Such a strike is in violation of the law.

6. This Court's Restraining Order dated March 31, 1970 has been violated by the defendants and others acting in concert with them.

7. The following named defendants are in contempt of this Court for such violation: Robert E. Meyer, individually and in his official capacity as National Vice President of Professional Air Traffic Controllers Organization; and Everett McDonald, individually and in his official capacity as Secretary of North Central Council of Professional Air Traffic Controllers Organization.

8. The following named persons are in contempt of this Court for such violation: Milo G. Townsend, Richard A. Tucker, James F. Wolter, James W. Kendzior.

It is hereby ordered that defendants Robert E. Meyer and Everett McDonald and each of them be assessed a fine of fifty dollars ($50.00) per day starting April 15, 1970 until each fully complies with the Court's Order of March 31, 1970 and until each reports to his assigned duty station for the Federal Aviation Administration or until further order of this Court.

It is further ordered that Milo G. Townsend, Richard A. Tucker, James F. Wolter and James W. Kendzior and each of them be assessed a fine of twenty dollars ($20.00) per day starting April 15, 1970 until each fully complies with the Court's Order of March 31, 1970 and until each reports to his assigned duty station for the Federal Aviation Administration or until further order of this Court.

It is further ordered that each of the persons above named who is unable to perform his assigned duties because of medical disability shall not be subject to the fine set out and each of the above persons who claims such medical dis-

ability is ordered and directed to be personally present in Court Room I, United States Court House, St. Paul, Minnesota, at 9:00 o'clock A.M. on April 20, 1970, there to present evidence of such medical disability by means of medical certificate including a detailed diagnosis together with prescribed treatment, prepared and signed by the applicant's personal physician or by D. L. J. Mickienzi of the Airport Medical Clinic, Minneapolis-St. Paul International Airport or otherwise.

It is further ordered that at said hearing on April 20, 1970 the six named persons, Robert E. Meyer, Everett McDonald, Milo G. Townsend, Richard A. Tucker, James F. Wolter and James W. Kendzior may make any other showing which they care to make as to why they should be purged of contempt of Court.